IN THE MATTER OF JAMES M. MOORE.

*Motion to set aside Executions in Lake et al. v. Willamette Falls Co.—Clackamas.*

Apportionment of moneys under the boat lien law.

MOORE and Ferguson move to set aside certain executions, upon the following state of facts: Lake and others recovered judgments in the District Court of Clackamas County against the steamer Gazelle, which were made liens under the act

" to enforce liens on boats and vessels." (*Statutes of Oregon,*
*p.* 151.) These judgments were taken to the Supreme Court
by writ of error, and Ferguson and Moore were the sureties
in the bond for that purpose. The judgments were affirmed
against the boat and sureties. Executions were issued thereon,
and the boat sold for enough to satisfy the judgments of Lake
and others. Before the money was paid over, persons having
similar judgments in the District Court of Clackamas County,
obtained an order from said court upon the sheriff to make a
*pro rata* distribution of the proceeds of said sale between
them and the plaintiffs in said executions. The judgments
in the District Court were for claims of a class higher than,
or equal to, those on which judgments in the Supreme Court
were rendered. After distribution, pursuant to the order,
there was a part of the Supreme Court judgments left unsatis-
fied, and to collect that balance the executions in question
were issued against Moore and Ferguson. We do not see
any grounds upon which the motion can be sustained. Section
fifteen of said act provides, that "in the distribution of the
proceeds of sale, claims of a prior class shall be paid entire
before any payment shall be made upon claims of a subse-
quent class ; and when the money to be applied to any class
shall be insufficient to pay all the claims of that class, it shall
be apportioned ratably among the claims of such class."

Here the money for which the boat sold was insufficient
to pay the claims of the first class, if apportioned ratably
among such claims.

Some objections have been made to the proceedings by
which the order of distribution was obtained, but as the pay-
ment of the money was in accordance with the statute, it is
unnecessary to examine the means by which such payment
was effected.

                                        Motion denied.


*Pratt & Wait,* on the motion.

*J. K. Kelly,* contra.